# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| **WILLIAM DINKEL**, AN INDIVIDUAL, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, )<br><br>**PLAINTIFF** )<br><br>V. )<br><br>**GENERAL MOTORS CORPORATION,** ET AL., )<br><br>**DEFENDANTS** ) | **CIVIL NO. 05-190-P-H** |

## DECISION AND ORDER ON PLAINTIFF'S MOTION TO REMAND

The plaintiff initially "commenced" this class action in state court before the Class Action Fairness Act of 2005 ("CAFA") became effective. At first, therefore, it was not removable to federal court under CAFA. After CAFA became effective, however, the plaintiff "commenced" his class action against additional defendants. Those defendants properly and timely removed the entire case to federal court. Now, the plaintiff has dismissed those late-added defendants and requests remand to state court. Because the entire case was properly removed after CAFA went into effect, the plaintiff's motion to remand, including his request for costs, is **DENIED**.

## I. PROCEDURAL BACKGROUND

The plaintiff Dinkel filed his class action lawsuit in Kansas state court (District Court of Douglas County) on February 17, 2005.[1]  On February 18, 2005, President Bush signed into law the Class Action Fairness Act ("CAFA"), Pub. L. 109-2, 119 Stat. 4 (2005) (to be codified as amended in scattered sections of 28 U.S.C.).  Section 4 of CAFA expands the federal diversity statute and provides federal subject matter jurisdiction for a case like this.  See 28 U.S.C. § 1332(d)(2), (2)(A) (West 2005 & Pamph.) ("any member of a class of plaintiffs is" diverse "from any defendant" and the amount in controversy exceeds $5,000,000).  But CAFA was not effective until the date the President signed it.

The plaintiff served a number of defendants (or obtained waivers of service) in a timely manner according to Kansas standards in April of 2005, within ninety days of the February 17 filing.  But he did not serve three defendants—General Motors of Canada, Ltd., DaimlerChrysler Canada, Inc., and Mercedes-Benz Canada, Inc. ("Removal Defendants")—until June 27 and 28, 2005, well after ninety days (and after CAFA's effective date).  Asserting that as to them, the lawsuit did not "commence" until they were served, these defendants removed the lawsuit to the United States District Court for the District of Kansas on July 25, 2005.  See Notice of Removal (KS Docket Item 1).

In late July and August 2005, Dinkel voluntarily dismissed without prejudice all the defendants who had not been served within ninety days of

---

[1] Dinkel filed an Amended Class Action Petition—with the same defendants as in the original petition—on March 25, 2005.  That amended pleading does not affect the remand issues here.

filing the lawsuit in state court (the state deadline for service), including the Removal Defendants, see Notice of Dismissal Without Prejudice (KS Docket Item 4).[2]  On August 23, 2005, Dinkel moved to remand the case to Kansas state court for lack of subject matter jurisdiction.  See Pl.'s Mot. to Remand (KS Docket Item 15) & Pl.'s Mem. in Supp. of Mot. to Remand (KS Docket Item 16).

The Judicial Panel on Multidistrict Litigation ("JPML") had previously consolidated a number of federal lawsuits in this district court,[3] and on August 23, 2005, the JPML issued a Conditional Transfer Order for this case to be consolidated here with the ongoing Multi-District Litigation action (MDL).  See JPML Conditional Transfer Order (ME Docket Item 1).

## II. ANALYSIS

### *(A)    The Removal Defendants properly removed the case under CAFA*

CAFA applies to class actions "commenced on or after" February 18, 2005.  Pub. L. 109-2, § 9.  Although CAFA does not define the term "commenced," the First Circuit has held that, for CAFA jurisdictional purposes,

---

[2] In an Affidavit in Support of Plaintiff's Motion to Remand, counsel for Dinkel asserts that the "process of voluntarily dismissing certain defendants was ongoing, and began well before the three Canadian defendants [the Removal Defendants] removed this action."  See Aff. of Troy J. Seibert in Supp. of Plaintiff's Mot. to Remand ¶ 4.  In support of this statement, counsel cites to the fact that the Removal Defendants "have repeatedly claimed that there is no personal jurisdiction against them anywhere in the United States," and that some of them have submitted affidavits to this effect, id. at ¶ 5, and that in a similar suit in Iowa handled by the same law firm, all three of the Removal Defendants "asked to be dismissed for lack of personal jurisdiction and were subsequently voluntarily dismissed," id. at ¶ 3 (citing Schaefer, et al. v. General Motors Corp., et al., Case No. CL93947 (Iowa Dist. Ct. 2004)).

[3] The class action in this case is one of many nearly identical putative class actions against car manufacturers and distributors pending across the United States, each alleging a conspiracy among the defendants to restrict the importation of vehicles from Canada.  On June 25, 2003, JPML transferred ten of these civil actions to the District of Maine for coordinated or consolidated pretrial proceedings.  Since then, sixteen additional federal actions, uniformly charging that major automobile manufacturers, distributors, and industry groups conspired to restrict the importation of new vehicles from Canada to the United States, have also been transferred.  See JPML Conditional Transfer Order (ME Docket Item 1).

a state lawsuit "commence[s]" when it begins in state court, not when the defendants remove it to federal court. Natale v. Pfizer, Inc., 424 F.3d 43, 44 (1st Cir. 2005). Other circuits agree. See, e.g., Bush v. Cheaptickets, Inc., 425 F.3d 683, 686 (9th Cir. 2005) ("CAFA's 'commenced' language surely refers to when the action was originally commenced in state court"); Pfizer, Inc. v. Lott, 417 F.3d 725, 726 (7th Cir. 2005) (holding that a class action filed in state court the day before CAFA became law cannot be removed to federal court under CAFA); Pritchett v. Office Depot, Inc., 420 F.3d 1090, 1097 (10th Cir. 2005) (holding that the removal provisions of CAFA do not apply to state court cases pending at the time of CAFA's enactment and removed after that date).

In Natale, the First Circuit looked to state law and rules of procedure to determine when the state lawsuit was "commenced." 424 F.3d at 44; accord Bush, 425 F.3d at 686 ("A state's own laws and rules of procedure determine when a dispute may be deemed a cognizable legal action in state court"); Pfizer, Inc., 417 F.3d at 726 ("[U]nder Illinois law the filing of the complaint had 'commenced' the suit.").

Under Kansas Rules of Civil Procedure, however, filing the complaint alone does not necessarily "commence" the lawsuit. That filing "commences" the lawsuit only if process is served within 90 days thereafter. Otherwise (*i.e.*, if more than 90 days passes), the lawsuit does not "commence" until service of process occurs:

> A civil action is commenced at the time of: (1) Filing a petition with the clerk of the court, if service of process is obtained or the first publication is made for service by publication within 90 days after the petition is filed, except that the court may extend that time an additional 30 days

4

>upon a showing of good cause by the plaintiff; or (2) service of process or first publication, if service of process or first publication is not made within the time specified by provision (1).

K.S.A. § 60-203(a) (Rules of Civil Procedure, Commencement of action) (2005).[4]

If Dinkel had served all the defendants within ninety days, the entire lawsuit would have "commenced" on its filing date, February 17, 2005, one day before CAFA's effective date, and no defendant could have removed it; CAFA does not apply to state class actions pending when CAFA was signed. See, e.g., Natale, 424 F.3d at 44; Bush, 425 F.3d at 689 (removal was not authorized because the suit was commenced "one day before CAFA became effective"); Pritchett, 404 F.3d at 1236-37 (CAFA has no retroactive effect).

But Dinkel did not serve the Removing Defendants within the ninety days. As to them, the Kansas lawsuit was not "commenced" until they were actually served, K.S.A. § 60-203(a), which was after the effective date of CAFA.

---

[4] Dinkel asserts that this section of Kansas' Civil Rules of Procedure "is only relevant to cases where statute of limitation issues are involved." Reply to Defs.' Mem. in Opp'n to Pl.'s Mot. to Remand (ME Docket Item 2) 5 (citing Freeman v. Keltner, 259 P.2d 228, 237-38 (Kan. 1953) (noting that the *predecessor* to § 60-203 "relates to the commencement of an action and applies only to cases where a state of limitations is involved."). Dinkel never explains why K.S.A. § 60-203 should not govern, and offers no alternative state law definition for when a lawsuit commences. Federal courts in Kansas, however, have held that this Rule of Procedure does apply in the context of removal. See, e.g., Noel v. Pizza Hut, Inc., Civ. A. No. 91-1201-T, 1991 WL 192117, at *3 (D. Kan. Sept. 18, 1991) ("The issue presented to the court is whether the notice of removal was filed more than one year after the commencement of this action. Under Kansas law, a civil action is commenced upon the filing of the petition, if service of process is made within 90 days after the petition is filed. K.S.A. 60-203."); Fidelity Sav. Ass'n of Kansas v. Ricker, 141 F.R.D. 324 (D. Kan. 1992) (discussing K.S.A. § 60-203 in the context of a removal action). I conclude that it is only logical to use Kansas' definition of "commence" found in its Rules of Civil Procedure. K.S.A. ch. 60 (Procedure, Civil), Art. 2 (Rules of Civil Procedure), § 60-203 (Commencement of Action). Cf. Matt Corbin & Casey Tourtillott, Walking the Legal Tightrope: Serving Timely Process When Filing State Claims in Federal Court, 73-Oct J. Kan. Bar Ass'n 28, 29 (2004) ("The Kansas legislature has chosen to emphasize the importance of timely service by statutorily recognizing that an action commences only when the plaintiff completes valid service on the defendant. K.S.A. 60-203 provides that the date of commencement is retroactive to the date of filing if the plaintiff obtains timely service on the defendant, but that it becomes the date of service if service is untimely.").

For them, "a new window of removal" was opened.  Cf. Knudsen v. Liberty Mut. Ins. Co., Inc., 411 F.3d 805, 807 (7th Cir. 2005) ("[A]ny . . . step sufficiently distinct that courts would treat it as independent for limitation purposes[] could well commence a new piece of litigation for federal purposes even if it bears an old docket number for state purposes.  Removal practice recognizes this point: an amendment to the pleadings that adds . . . a new defendant opens a new window of removal.  28 U.S.C. § 1446(b)").  A plaintiff's "decision to add . . . a defendant presents precisely the situation in which it can and should be said that a new action has 'commenced' for purposes of removal pursuant to the CAFA."  Adams v. Fed. Materials Co. Inc., Slip Copy, 2005 WL 1862378 at *4 (W.D. Ky. July 28, 2005) (holding that a defendant added after the effective date of CAFA had a right to remove the case to federal court because the action is "commenced" for purposes of CAFA from the perspective of the newly added defendant).  See also Schorsch v. Hewlett-Packard Co., 417 F.3d 748, 750-51 (7th Cir. 2005) (citing Pace v. DiGuglielmo, ___ U.S. ___, 125 S. Ct. 1807 (2005) (looking to state law to determine when a pleading has been 'properly filed' for purposes of a federal time limit").

Under removal practice, the entire lawsuit is removable or not removable, not merely the claims against particular defendants.  Here, the late service upon the Removing Defendants, commencing the lawsuit as to them *after* CAFA became effective, made Dinkel's entire lawsuit properly removable under CAFA.

### *(B)* *The Plaintiff's voluntary dismissal of the Removal Defendants does not undo the proper removal.*

Dinkel argues that because he has voluntarily dismissed the Removal Defendants, and because the seven remaining defendants all were served within ninety days after the action was filed, the lawsuit has reverted to its original form and should once again be treated as "commenced" in Kansas on the date of filing—which, of course, was prior to the effective date of CAFA. As CAFA does not apply retroactively, Dinkel asserts that in its current form "[t]here is, therefore, no basis for federal subject matter jurisdiction over this action." Pl.'s Mem. in Supp. of Mot. to Remand 1 (KS Docket Item 16). I disagree.

Under Kansas law, Dinkel commenced his lawsuit against the Removal Defendants several months after the effective date of CAFA. Because the allegations in his pleading satisfied CAFA's new and broader jurisdictional provisions, at that point the federal court had jurisdiction under 28 U.S.C. § 1332, as amended by CAFA.[5] The Removal Defendants therefore properly removed the entire case under CAFA on July 25, 2005. Dinkel's later dismissal of the Removal Defendants cannot retroactively make the lawsuit improperly removed, and Dinkel cannot undo the transformation of his lawsuit that occurred when he served the Removal Defendants after ninety days from his original state court filing. The plain language of CAFA makes clear that any single defendant can remove without the consent of other defendants and that

---

[5] The amount Dinkel seeks for the putative class of thousands of individual members far exceeds $5,000,000. Since Dinkel is a resident of Kansas and the Removal Defendants are all Canadian corporations, the section 1332(d)(2)(A) requirement that "any member of a class of plaintiffs" be diverse from "any defendant" is likewise satisfied.

7

it is the entire lawsuit that is removed, not merely the claims against that defendant: "A class action may be removed to a district court of the United States . . . without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants."  28 U.S.C.A. § 1453(b).  It is the "action" that is removable, not claims against particular defendants.  When the Removal Defendants removed this class action to federal court they did not remove only the claims against them; they removed the entire class action.[6]  Dinkel cannot now "unring the bell" by dismissing the Removal Defendants and trying to return the lawsuit to its status on February 17, 2005.

My conclusion flows from CAFA's plain language and removal principles generally.[7]  But CAFA's legislative history also strongly supports it. As stated in the Senate Report on CAFA:

> The law is clear that, once a federal court properly has jurisdiction over a case removed to federal court, subsequent events generally cannot "oust" the federal court of jurisdiction.  While plaintiffs undoubtedly possess some power to seek to avoid federal jurisdiction by defining a proposed class in particular ways, *they lose that power once a defendant has properly removed a class action to federal court.*

---

[6] I recognize that my conclusion differs from that of Brown v. Kerkhoff, 2005 WL 2671529, at *13 (S.D. Iowa Oct. 19, 2005) (holding that the plaintiff's decision to add the Removal Defendants, after the effective date of CAFA, did not allow the court to exercise jurisdiction over all the defendants and remanding the case once the plaintiff dismissed the Removal Defendants: "[I]f CAFA is not and never has been applicable to Defendants, they cannot say Plaintiffs 'manipulated the process' by dismissing the Removal Defendants because Defendants cannot be harmed by the subsequent unavailability of a right (*e.g.*, removal) they never possessed").  I believe that reasoning incorrectly focuses on the defendants rather than upon the court's subject matter jurisdiction over the entire class action.

[7] Dinkel cites the caselaw's traditionally narrow interpretation of removal jurisdiction, but two factors make that approach unpersuasive here.  First, as discussed in text, the legislative history strongly suggests that Congress sought to change that approach for these interstate class actions.  Second, the issue here is not scope of subject matter jurisdiction, but only the operation of the effective date provision of CAFA.

8

Judiciary Committee Report on Class Action Fairness Act, S. Rep. No. 109-14 (1st Sess. 2005), reprinted in 2005 U.S.C.C.A.N. 3, 2005 WL 627977, at *43 (emphasis supplied) (citation omitted).  Moreover,

> Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in federal court if properly removed by *any* defendant.

Id. (emphasis supplied).  Cf. id. at *42 (noting that federal courts should "err in favor of exercising jurisdiction"); 151 Cong. Rec. H723-01, at H727 (daily ed. Feb. 17, 2005) (statement of Rep. Sensenbrenner) ("[I]f a Federal court is uncertain . . . the court should err in favor of exercising jurisdiction over the case.").  According to the Report, "The Committee intends this subsection to be interpreted expansively.  If a purported class action is removed pursuant to these jurisdictional provisions, the named plaintiff(s) should bear the burden of demonstrating that the removal was improvident (*i.e.*, that the applicable jurisdictional requirements are not satisfied"). S. Rep. No. 109-14, at *42.  See also Berry v. Am. Express Publ'g Corp., 381 F.Supp.2d 1118, 1122 (C.D. Cal. June 15, 2005) ("Although the burden of proof is not addressed in either the text of the original or the text of the new statute, the CAFA was clearly enacted with the purpose of expanding federal jurisdiction over class actions. . . . To this end, the Committee Report expresses a clear intention to place the burden of [proof] on the party opposing removal to demonstrate that an interstate class action should be remanded to state court.").

      Here, the Kansas class action was properly removed.  Now it has been transferred to this court for multidistrict proceedings along with the multitude

of other comparable lawsuits pending from around the country. To remand it would be contrary to everything Congress thought it was accomplishing in enacting CAFA. See S. Rep. No. 109-14, at *27 ("The Committee believes that the federal courts are the appropriate forum to decide most interstate class actions because these cases usually involve large amounts of money and many plaintiffs, and have significant implications for interstate commerce and national policy.").

### III.  CONCLUSION

The plaintiff's motion to remand to the District Court of Douglas County, Kansas is **DENIED**. The parties shall bear their own costs.

**SO ORDERED.**

**DATED THIS 9TH DAY OF NOVEMBER, 2005**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

10